JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Garry Manning

**(b)** County of Residence of First Listed Plaintiff  **Hamilton County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard P. Gabelman, Esq.
6071 Montgomery Rd.
Cincinnati, OH 45213   (513) 348-4813

## DEFENDANTS
Experian Information Solutions, Inc, et al.

County of Residence of First Listed Defendant  **Franklin County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §1681, et seq.
Brief description of cause:
Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/03/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Richard P. Gabelman

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GARRY MANNING,<br>344 s. Elm St<br>Harrison, OH 45030<br>   Plaintiff, | : | Case No.: |
| | : | **COMPLAINT** |
| | : | **Jury Demand Endorsed Hereon.** |
| vs. | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC.,<br>an Ohio corporation.<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 215<br>Columbus, OH 43219; | : | |
| EQUIFAX INFORMATON SERVICES, LLC,<br>a Georgia limited liability company<br>c/o Corporation Service Company<br>50 West Broad St, Suite 1330<br>Columbus, OH 43215; | : | |
| TRANS UNION, LLC,<br>a Delaware limited liability company<br>c/o Prentice Hall Corporation System, Inc.<br>50 West Broad St, Suite 1330<br>Columbus, OH 43215; | : | |
| MIDLAND FUNDING, LLC,<br>a Delaware limited liability company<br>c/o Corporation Service Company<br>50 West Broad St, Suite 1330<br>Columbus, OH 43215; | : | |
| and | : | |
| STERN RECOVERY SERVICES, INC.,<br>a foreign corporation<br>c/o National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 215<br>Columbus, OH 43219 | : | |
|    Defendants. | : | |

1

NOW COMES THE PLAINTIFF, **GARRY MANNING**, BY AND THROUGH COUNSEL, **RICHARD P. GABELMAN**, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Southern District of Ohio as the Defendants conduct business in the State of Ohio.

## PARTIES

4. Garry Manning ("Plaintiff") is an individual residing in Harrison, Ohio in Hamilton County.

5. Experian Information Solutions, Inc. ("Experian"), is an Ohio corporation that conducts business in the State of Ohio.

6. Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that conducts business in the State of Ohio.

7. Trans Union, LLC ("Trans Union"), is a Delaware limited liability company that conducts business in the State of Ohio.

8. Midland Funding, LLC ("Midland Funding"), is a Delaware limited liability company that conducts business in the State of Ohio.

9. Stern Recovery Services, Inc. ("Stern Recovery"), is a foreign corporation that conducts business in the State of Ohio.

## GENERAL ALLEGATIONS

10. The following Defendants (collectively "Furnishers") are inaccurately reporting their trade lines on Plaintiff's credit reports (collectively "Errant Trade Lines"):

    a. Stern Recovery is reporting its trade line with a notation of account in dispute on Plaintiff's Equifax credit report; and

    b. Midland Funding is reporting its trade line with a notation of account in dispute on Plaintiff's Experian and Trans Union credit reports.

11. Plaintiff no longer disputes the Errant Trade Lines.

12. The Errant Trade Lines should be reported by the Furnishers without the notation of account in dispute.

13. On February 6, 2018, Plaintiff obtained his Equifax and Trans Union credit reports. He noticed the Errant Trade Lines reporting inaccurately with the notation of account in dispute.

14. On February 19, 2018, Plaintiff obtained his Experian credit report and noticed the Errant Trade Line reporting inaccurately with the notation of account in dispute.

15. On March 22, 2018, Plaintiff submitted a letter to Experian, Equifax and Trans Union ("CRAs") informing them that he no longer disputed the Errant Trade Lines and requested that the dispute notation be removed.

16. Upon information and belief, the CRAs forwarded Plaintiff's consumer dispute to the Furnishers.

17. On May 22, 2018, Plaintiff obtained his Equifax credit report which showed that Equifax and Stern Recovery failed or refused to delete the notation of account in dispute on the Errant Trade Line.

18. On May 22, 2018, Plaintiff obtained his Trans Union credit report which showed that Trans Union and Midland failed or refused to delete the notation of account in dispute on the Errant Trade Line.

19. On May 24, 2018, Plaintiff obtained his Experian credit report which showed that Experian and Midland failed or refused to delete the notation of account in dispute on the Errant Trade Line.

20. To date, Plaintiff has not received investigation results from any of the CRAs.

21. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit report or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY STERN RECOVERY

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax of Plaintiff's consumer dispute of the notation of the account in dispute on Errant Trade Line, Stern Recovery negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

24. Stern Recovery negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Equifax to remove the notation of account in dispute on the Errant Trade Line.

25. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit report with Equifax to which it is reporting such trade line.

26. As a direct and proximate cause of Stern Recovery's negligent failure to perform its duties under

4

the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. Stern Recovery is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

28. . Plaintiff has a private right of action to assert claims against Stern Recovery arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Stern Recovery for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STERN RECOVERY

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Stern Recovery willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

31. Stern Recovery willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

32. As a direct and proximate cause of Stern Recovery's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

33. Stern Recovery is liable to. Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact,

5

as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Stern Recovery for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MIDLAND FUNDING

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Experian and Trans Union of Plaintiff's consumer dispute of the notation of the account in dispute on Errant Trade Line, Midland Funding negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

36. Midland Funding negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Experian and Trans Union to remove the notation of account in dispute on the Errant Trade Line.

37. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit report with Experian and Trans Union to which it is reporting such trade line.

38. As a direct and proximate cause of Midland Funding's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

39. Midland Funding is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. §

6

1681o.

40. . Plaintiff has a private right of action to assert claims against Midland Funding arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Midland Funding for damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY MIDLAND FUNDING

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Experian and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Midland Funding willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

43. Midland Funding willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 U.S.C. § 1681s-2(b).

44. As a direct and proximate cause of Midland Funding's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

45. Midland Funding is liable to. Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Midland Funding for the greater of statutory or actual damages, plus punitive damages, along

with costs, interest and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

50. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

51. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

57. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

58. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

62. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

63. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

64. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

65. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

69. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

70. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

71. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

72. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

73. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

11

76. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

77. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

78. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

79. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

80. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

81. Plaintiff realleges the above paragraphs as if recited verbatim.

82. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

83. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

84. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

85. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

86. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

87. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant for Actual Damages; Statutory Damages; Damages for pecuniary, economic and emotional damages and loss; Attorney's Fees and the costs of this action.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: August 3, 2018                               Respectfully submitted,


                                                    /s/*Richard P. Gabelman*
                                                    Richard P. Gabelman, Esq. (#0074642)
                                                    6701 Montgomery Road
                                                    Cincinnati, Ohio 45213
                                                    Email: gabelmanrich@hotmail.com
                                                    *Attorney for Plaintiff*